UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
CHAD STANBRO,

              Plaintiff,

    -against-

WESTCHESTER COUNTY HEALTH
CARE CORPORATION, WESTCHESTER
MEDICAL CENTER, FRANK WEBER and
JOHN FULL,

              Defendants.
-----------------------------------------------------X

**COMPLAINT**

Plaintiff Demands A
Trial By Jury

Plaintiff, by his attorneys Sivin & Miller, LLP, complaining of defendants, alleges as follows, upon information and belief:

## THE PARTIES AND JURISDICTION

1. That at all times herein mentioned, plaintiff was and is a citizen of the State of New York.

2. That at all times herein mentioned, plaintiff was a prisoner under the care, custody, and control of the New York Department of Corrections and Community Supervision (DOCCS), which was and is an agency of the State of New York.

3. That at all times herein mentioned, defendant Westchester County Health Care Corporation (hereinafter "WCHCC") was and is a public benefit corporation, organized and existing under and by virtue of the laws of the State of New York.

4. That at all times herein mentioned, WCHCC owned, operated, managed, maintained, and controlled the Westchester Medical Center (hereinafter "WMC"), located at 100 Woods Road, Valhalla, NY 10595.

5. That at all times herein mentioned, WCHCC was acting as an agent and at the behest of DOCCS.

6. That at all times herein mentioned, WMC was acting as an agent and at the behest of DOCCS.

7. That at all times herein mentioned, defendant Frank Weber (hereinafter "Weber") was and is an oral surgeon and dentist, and was acting as an agent and/or employee and at the behest of DOCCS, WCHCC, and WMC.

8. That at all times herein mentioned, Weber was acting within the course and scope of his agency and/or employment with DOCCS, WCHCC, and WMC.

9. That at all times herein mentioned, Weber was acting under color of state law.

10. That at all times herein mentioned, defendant John Full (hereinafter "Full"), was and is a dentist, and was acting as an agent and/or employee and at the behest of DOCCS, WCHCC, and WMC.

11. That at all times herein mentioned, Full was acting within the course and scope of his agency and/or employment with DOCCS, WCHCC, and WMC.

12. That at all times herein mentioned, Full was acting under color of state law.

13. That this Court has jurisdiction over this action in that the action arises under 42 U.S.C. § 1983 and alleges violations of plaintiff's civil rights, including rights guaranteed under the United States Constitution.

## FACTS

14. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

15. That on August 31, 2018, plaintiff was brought by DOCCS to WMC and was in the process of undergoing a dental/surgical procedure at WMC.

16. That on August 31, 2018, when plaintiff was brought to WMC, he was under the care, custody, and control of WCHCC and WMC, its agents, servants and/or employees.

17. That the dental/surgical procedure was being performed by agents, servants and/or employees of WMC and WCHCC, including Weber and Full.

18. That WMC, WCHCC, their agents, servants and/or employees, including but not limited to Weber and Full, were under a duty to provide reasonable care to plaintiff while plaintiff was undergoing the dental/surgical procedure, and to take reasonable steps to insure that plaintiff would not be caused to sustain personal injuries while under their care, custody, and control.

19. That WMC, WCHCC, their agents, servants and/or employees, including but not limited to Weber and Full, were under a duty to provide a good and accepted level of dental and medical care to plaintiff.

20. That during the course of the dental/surgical procedure, plaintiff had an adverse reaction to anesthesia that had been administered by defendants, causing plaintiff to regain partial consciousness and to be and act in an agitated manner.

21. That agents, servants and/or employees of WMC and WCHCC, including but not limited to Weber and Full, failed to take proper steps in response to plaintiff's adverse reaction to the anesthesia, thereby causing and/or allowing plaintiff's agitation to continue.

22. That in response to plaintiff's adverse reaction to the anesthesia, corrections officers employed by DOCCS brutally beat, assaulted and battered, and otherwise used excessive force against plaintiff on the premises of WMC.

23. That agents, servants and/or employees of WMC and WCHCC, including but not limited to Weber and Full, were present during and observed the brutal beating, assault and battery, and use of excessive force against plaintiff by DOCCS corrections officers.

24. That agents, servants and/or employees of WMC and WCHCC, including but not limited to Weber and Full, had a reasonable opportunity to intervene to prevent and/or stop the brutal beating, assault and battery, and use of excessive force against plaintiff by DOCCS corrections officers and/or to summon and employ security staff to take such actions, but negligently, recklessly, and intentionally failed and refused to do so.

25. That as a result of the aforementioned use of force, plaintiff sustained severe personal injuries that were obvious to agents, servants and/or employees of WMC and WCHCC, including but not limited to Weber and Full.

26. That following the aforementioned use of force against plaintiff by DOCCS corrections officers, and notwithstanding the obvious nature of plaintiff's resulting injuries, including plaintiff's inability to walk, agents, servants and/or employees of WMC and WCHCC, including but not limited to Weber and Full, caused and/or allowed plaintiff prematurely to be discharged from WMC without first assessing or attending to plaintiff's injuries.

27. That following the aforementioned use of force against plaintiff by DOCCS corrections officers, and notwithstanding the obvious nature of plaintiff's resulting injuries, including but not limited to plaintiff's inability to walk, agents, servants and/or employees of WMC and WCHCC, including but not limited to Weber and Full, caused and/or allowed plaintiff prematurely to be discharged into the custody of some of the same corrections officers who had beaten plaintiff, and did so without first adequately assessing or attending to plaintiff's injuries.

28. That causing and/or allowing plaintiff prematurely to be discharged into the custody of his assailants, and without first assessing or attending to plaintiff's injuries, constituted negligent and reckless conduct.

29. That causing and/or allowing plaintiff prematurely to be discharged into the custody of his assailants, and without first assessing or attending to plaintiff's injuries, was a gross deviation from good, accepted, and reasonable dental and medical practices.

30. That causing and/or allowing plaintiff prematurely to be discharged into the custody of his assailants, and without first assessing or attending to plaintiff's injuries, constituted a deliberate indifference to plaintiff's health and safety, and a reckless or intentional disregard of a risk that plaintiff would suffer additional injuries.

31. That as a result of defendants having caused and/or allowed plaintiff prematurely to be discharged into the custody of his assailants, plaintiff again was brutally beaten, assaulted and battered, and otherwise subjected to a use of excessive force by DOCCS personnel, resulting in additional personal injuries and/or a worsening of the injuries already sustained by plaintiff.

32. That as a result of the foregoing, plaintiff sustained severe physical, emotional, and psychological injuries, endured and will continue to endure physical disabilities, pain and suffering, and loss of enjoyment of life, incurred and will continue to incur healthcare expenses, incurred and will continue to incur lost earnings and loss of earning potential, and incurred and will continue to incur other economic loss.

<u>FIRST CAUSE OF ACTION AGAINST WEBER and FULL</u>
(Violation of Federal Civil Rights:  42 U.S.C. § 1983)

33. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

34. That the aforesaid actions of agents, servants and/or employees of WCHCC and WMC, including but not limited to Weber and Full, in failing and refusing to intervene to prevent and/or stop the brutal beating, assault and battery, and use of excessive force against plaintiff and/or in failing to summon and employ security staff to take such actions, and in then causing and/or allowing an obviously injured plaintiff prematurely to be discharged into the care and custody of his assailants, constituted a violation of plaintiff's rights under the Fourth Amendment to the U.S. Constitution not to be subjected to unreasonable and illegal seizures, a violation of plaintiff's rights under the Eighth Amendment to the U.S. Constitution not to be subjected to cruel and unusual punishment, and a violation of plaintiff's rights under the Fourteenth Amendment of the U.S. Constitution not to be deprived of due process of law, and entitle plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

### SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Negligence and Recklessness in Performance of Duties)

35. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

36. That the aforesaid actions of agents, servants and/or employees of WCHCC and WMC, including but not limited to Weber and Full, constituted negligence and recklessness in the performance of their duties, for which these agents, servants and/or employees are liable under New York State law and for which WCHCC and WMC are vicariously liable under the doctrine of respondeat superior.

### THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Medical and Dental Malpractice)

37. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

38. That the aforesaid actions of agents, servants and/or employees of WCHCC and WMC, including but not limited to Weber and Full, constituted medical malpractice and dental malpractice, for which these agents, servants and/or employees are liable under New York State law and for which WCHCC and WMC are vicariously liable under the doctrine of respondeat superior.

WHEREFORE, plaintiff demands compensatory damages against all defendants in the amount of FIFTY MILLION ($50,000,000.00) DOLLARS, together with punitive damages against Weber and Full, and attorney's fees against Weber and Full pursuant to 42 U.S.C. § 1988, and together with the costs and disbursements of this action.

Dated:  New York, New York
        November 15, 2019

                                            Yours, etc.
                                            Sivin & Miller, LLP

                                            By_____
                                              Edward Sivin
                                            Attorneys for plaintiff
                                            20 Vesey St., Suite 1400
                                            New York, NY  10007
                                            (212) 349-0300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
CHAD STANBRO,

              Plaintiff,

    -against-

WESTCHESTER COUNTY HEALTH
CARE CORPORATION, WESTCHESTER
MEDICAL CENTER, FRANK WEBER and
JOHN FULL,

              Defendants.
------------------------------------------------------X

              CERTIFICATE
              OF MERIT

        EDWARD SIVIN declares, pursuant to 28 USC § 1746, under penalty of perjury, as follows:

        1. I am a member of Sivin & Miller, LLP, attorneys for plaintiff in the above matter.

        2. We have reviewed the facts of this case and have consulted with at least one dentist who is licensed to practice in the State of New York, and we reasonably believe that said dentist is knowledgeable as to the relevant issues involved in this particular action and we have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

Dated:  New York, New York
           November 15, 2019

                                                  _____
                                                        EDWARD SIVIN