UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

Chad Stanbro,

Plaintiff(s),

-against-

Defendant(s),

Westchester County Health Care Corporation, et al.,

------------------------------------------------------------ x

19 Civ. 10857 (CM) (JLC)

## ORDER SCHEDULING AN INITIAL PRETRIAL CONFERENCE

McMAHON, District Judge,

This action having been assigned to me for all purposes, it is hereby, ORDERED as follows:

1. Counsel receiving this order shall contact all counsel of record (or where a party is not yet represented, such party) and, if necessary, provide them with a copy of this order.

2. **Except as noted in Paragraph 5 below**, counsel for all parties are directed to confer, complete and sign the attached "Civil Case Management Plan" and to fax it to the Court within thirty (30) days. The parties are free to set their own deadlines **as long as the plan provides for the completion of all discovery within six months of this order and the filing of a proposed "joint final-pretrial order," within forty-five days of the close of discovery.** (The "trial ready" date is to be left blank.)

**If a conforming case management plan is submitted at least two business days prior to the scheduled initial conference and subsequently approved by the Court, the initial conference will be canceled automatically. If a motion has been filed either before or after the case management plan is approved, and the parties desire a conference, a letter must be submitted to the Court via fax specifically asking that the initial conference not be canceled**. If the parties fail to agree upon such a plan or fail to submit the plan to the Court within the time provided (at least two business days before the conference date), the parties must appear for a conference on 3/20/2020 in courtroom 24A, 500 Pearl Street, New York, New York 10007 at 10:00 a.m.

If the parties request an extension of time to file an answer or a motion and an initial pretrial conference has been scheduled, the Court's grant of the extension of time to answer or

move does not postpone or adjourn the conference, unless specifically stated by the Court.

3. Any party desiring a conference with the Court for purposes of discussing settlement, narrowing of issues, or other pertinent pretrial matters may request a conference by faxing a letter to the Court.

4. If a motion is filed prior to the conference date, and no case management has been agreed to, the parties must attend the conference. Upon request, the court will adjourn the conference until the motion is fully briefed. A decision on the motion may be announced at the conference, or a case management plan entered pending resolution of the motion.

5. Judge McMahon has special management rules for certain types of cases:

(a) If your case involves (1) a denial of benefits under an employee or union benefits plan governed by ERISA, or (2) failure to make a contribution to a Health and Welfare or similar benefit fund, do not fill out a Civil Case Management Plan in the form attached. You may either (1) send the Court a stipulated schedule for making a motion for summary judgment, which Judge McMahon will "so order," or (2) attend your scheduled Rule 16 conference, at which time the Court will impose such a schedule.

(b) If your case is a patent case, do not fill out a Civil Case Management Plan. You must attend a Rule 16 conference with Judge McMahon, at which time she will explain her rules for handling patent cases and set up a schedule for a *Markman* ruling. Please confer with your opponent prior to the conference in order to identify and narrow issues.

(c) If the complaint contains a RICO claim, plaintiff must file a RICO Case Statement within thirty (30) days of filing the complaint. No discovery may take place relating to any claim asserted until the Court has had an opportunity to consider any motion to dismiss that may be addressed to the RICO claim. For further case management rules relevant to RICO cases, the parties should refer to Judge McMahon's Individual Practices and RICO Case Standing Order, which can be accessed through the Court's website at www.nysd.uscourts.gov.

(d) If your case is an Admiralty Rule B Attachment case, do not fill out a Civil Case Management Plan. Notify Mariela De Jesus, Judge McMahon's courtroom deputy, that you are a Rule B case and she will cancel your Rule 16 conference.

6. Parties are to follow Judge McMahon's Individual Practices. To access a copy of the Judge's rules, go to the Court's website.

7. Judge McMahon's rules governing electronic discovery are automatically in force in this case. The Judge's rules on electronic discovery can be found on the Court's website.

Dated: January 13, 2020

Colleen McMahon

U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

Chad Stanbro,

                    Plaintiff(s),                    19 Civ. 10857 (CM) (JLC)

-against-

                    Defendant(s),

Westchester County Health Care Corporation, et al.,

_____X

## CIVIL CASE MANAGEMENT PLAN

(for all cases except patent, IDEA, FLSA and ERISA benefits cases,

and cases subject to the Private Securities Litigation Reform Act)

1. This case is/is not to be tried to a jury.

2. Discovery pursuant to Fed.R.Civ.P. 26(a) shall be exchanged by _____.

3. No additional parties may be joined after _____.

4. No pleading may be amended after_____.

5. If your case is brought pursuant to 42 U.S.C. § 1983: In keeping with the United States Supreme Court's observation that the issue of qualified immunity should be decided before discovery is conducted, counsel representing any defendant who intends to claim qualified immunity must comply with the special procedure set forth in Judge McMahon's individual rules, which can be found at www.nysd.uscourts.gov.

Failure to proceed in accordance with the qualified immunity rules constitutes a waiver of the right to move for judgment on the ground of qualified immunity prior to trial. *Please identify any party who is moving to dismiss on qualified immunity grounds.*

6. All discovery, *including expert discovery*, must be completed on or before

_____. (For personal injury, civil rights, employment discrimination or medical malpractice cases only): Plaintiff's deposition shall be taken first, and shall be completed by _____. PLEASE NOTE: the phrase "all discovery, including expert discovery" means that the parties must select and disclose their experts' identities and opinions, as required by Fed. R. Civ. P. 26(a)(2)(B), *well before* the expiration of the discovery period. Expert disclosures conforming with Rule 26 must be made no later than the following dates: Plaintiff(s) expert report(s) by_____; Defendant(s) expert report(s) by _____.

7. Judge McMahon's Rules governing electronic discovery apply  automatically to this case. The parties must comply with those rules unless they supercede it with a consent order. The text of the order will be found at www.nysd.uscourts.gov.

8. Discovery disputes in this case will be resolved by the assigned Magistrate Judge, who is_____. The first time there is a discovery dispute that counsel cannot resolve on their own, notify Judge McMahon's Chambers by letter and she will sign an order referring your case to the Magistrate Judge for discovery supervision. Thereafter, go directly to the Magistrate Judge for resolution of discovery disputes; do not contact Judge McMahon. Discovery disputes do not result in any extension of the discovery deadline or trial-ready date, and Judge McMahon must approve any extension of the discovery deadline in non-pro se cases. *The Magistrate Judge cannot change discovery deadlines unless you agree to transfer the case to the Magistrate Judge for all purposes*. Judge McMahon does not routinely grant extensions so counsel are warned that it they wait until the last minute to bring discovery disputes to the attention of the Magistrate Judge, they may find themselves precluded from taking discovery because they have run out of time.

9. A joint pre-trial order in the form prescribed in Judge McMahon's individual rules, together with all other pre-trial submissions required by those rules (not including *in limine* motions), shall be submitted on or before _____. Following submission of the joint pre-trial order, counsel will be notified of the date of the final pre-trial conference. *In limine* motions must be filed within five days of receiving notice of the final pre-trial conference; responses to in limine motions are due five days after the motions are made. Cases may be called for trial at any time following the final pre-trial conference.

10. No motion for summary judgment may be served after the date the pre-trial order is due. *The filing of a motion for summary judgment does not relieve the parties of the obligation to file the pre-trial order and other pre-trial submissions on the assigned date.*

11. The parties may at any time consent to have this case tried before the assigned Magistrate Judge pursuant to 28 U.S.C. Section 636(c).

12. This scheduling order may be altered or amended only on a showing of good cause that is not foreseeable at the time this order is entered. *Counsel should not assume that extensions will be granted as a matter of routine.*

Dated:

New York, New York

Upon consent of the parties:

[signatures of all counsel]

_____          _____


_____          _____


_____          _____


SO ORDERED:

_____

Hon. Colleen McMahon
United States District Judge