UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
CHAD STANBRO,                                           Case No: 19-CV-10857-KMK

                         Plaintiff,                         **ANSWER TO**
                                                          **AMENDED COMPLAINT**

      -against-

WESTCHESTER COUNTY HEALTH CARE CORPORATION,
WESTCHESTER MEDICAL CENTER, FRANK WEBER and
JOHN FULL,
                        Defendants.
----------------------------------------------------------------------X

      The defendant, **Frank Weber**, **(hereinafter "defendant")**, by his attorneys, RAWLE & HENDERSON, LLP as and for his answer plaintiff's amended complaint, respectfully allege upon information and belief as follows:

### AS AND FOR DEFENDANT, DR. FRANK WEBER'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT DESIGNATED THE PARTIES & JURISDICTION

      1.     Denies having knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs designated "1", "2", "3", "4", "5", "6", "10", "11" and "12" of plaintiff's Amended Complaint.

      2.     Denies having knowledge or information sufficient to form a belief as to the allegations contained in the paragraph designated "7" of plaintiff's Complaint except admits that Frank Weber is an oral surgeon with admitting privileges at Westchester Medical Center (WCM) and a contractual provider of dental surgical services for the New York State Department of Corrections and Community Supervision (DOCCS).

13796926-1

3. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "8", "9" and "13" of plaintiff's amended complaint and refers all matters of law to the Court.

**AS AND FOR DEFENDANT, DR. FRANK WEBER'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT DESIGNATED FACTS**

4. As to paragraph "14" of plaintiff's amended complaint, this answering defendant repeats, reiterates and realleges each and every answer herein as if more fully set forth at length.

5. Denies having knowledge or information sufficient to form a belief as to the allegations contained in the paragraph designated "15" and "17" of plaintiff's amended complaint except admits that Frank Weber was rendering oral surgery services on 8/31/18.

6. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "16", "18" and "19" of plaintiff's amended complaint and refers all matters of law to the Court.

7. Denies each and every allegation contained in the paragraphs "20", "21", "22", "23", "24", "25", "26, "27", "28", "29", "30", "31" and "32" of plaintiff's amended complaint.

**AS AND FOR DEFENDANT, DR. FRANK WEBER'S ANSWER TO PLAINTIFF'S FIRST CAUSE OF ACTION**

8. As to paragraph "33" of plaintiff's amended complaint, this answering defendant repeats, reiterates and realleges each and every answer herein as if more fully set forth at length.

9. Denies each and every allegation contained in the paragraph "34" of plaintiff's amended complaint.

13796926-1

## AS AND FOR DEFENDANT, DR. FRANK WEBER'S ANSWER
## TO PLAINTIFF'S SECOND CAUSE OF ACTION

10. As to paragraph "35" of plaintiff's amended complaint, this answering defendant repeats, reiterates and realleges each and every answer herein as if more fully set forth at length.

11. Denies each and every allegation contained in the paragraph "36" of plaintiff's amended complaint.

## AS AND FOR DEFENDANT, DR. FRANK WEBER'S ANSWER
## TO PLAINTIFF'S THIRD CAUSE OF ACTION

12. As to paragraph "37" of plaintiff's amended complaint, this answering defendant repeats, reiterates and realleges each and every answer herein as if more fully set forth at length.

13. Denies each and every allegation contained in the paragraph "38" of plaintiff's amended complaint.

14. Denies each and every allegation contained in the paragraph "39" of plaintiff's amended complaint and refers all matters of law to the Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

15. Failure to state a claim pursuant to 42 USC §1983 since answering defendants is not a state actor.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

16. At all times relevant to the acts alleged in the complaint, defendant, his agents, officials, and employees acted reasonably, properly, and in the lawful exercise of his discretion.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

17. The answering defendant at all times acted in good faith in the decisions and treatment concerning plaintiff and in compliance with all relevant statutes and regulations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

18.     Defendant has not violated any rights, privileges or immunities under the Constitution or law of the United States of New York or any political subdivision thereof, nor has he violated any Act of Congress providing for the protection of civil rights. The answering defendant is entitled to a good faith qualified or complete immunity for the actions claimed herein.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

19.      If plaintiff has been injured and damaged as alleged in the complaint, such injury and damage were caused and contributed to by plaintiff's own conduct, negligence, carelessness, or want of care; and, if it be determined that plaintiff is entitled to recovery herein as against answering defendant, such recovery should be apportioned between plaintiff and answering defendant. according to their relative responsibility therefore.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

20.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, or the culpable or negligent conduct of third parties, and was not the proximate result of any action of this answering defendant.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

21.     Defendant is entitled to absolute, qualified, governmental, discretionary, and all other immunities available to it under the law.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

22.     The Defendant at all times herein acted under the objectively reasonably belief that his actions were not violative of clearly established constitutional rights of plaintiff, therefore , they are protected from liability by qualified immunity.

13796926-1

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

23. Any alleged conduct or omission was, in whole or in part, properly within the discretionary authority and/or medical judgment committed to the defendant to perform his official function, and the relief requested would constitute an improper instruction by the federal judiciary in that discretionary authority.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

24. This Court lacks subject matter jurisdiction over plaintiff's state law claims.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

25. No alleged acts or omissions of the answering defendant constituted deliberate indifference.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

26. Answering defendant complied with all applicable provisions of New York State Public Health Law.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

27. This Court lacks subject matter jurisdiction over plaintiff's federal claims.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

28. Failure to state a cause of action upon which relief can be granted.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

29. The defendant at no time acted willfully or in malicious disregard of plaintiff's constitutional rights. As such, plaintiff is not entitled to punitive damages or other relief.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

30. Plaintiff has failed to join party or parties under Rule 19.

13796926-1

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

31.     The venue of the claim is improper and should be brought in the Court of Claims.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

32.     The Eleventh Amendment bars plaintiff's claims for damages against Dr. Weber to the extent brought by against him in his official capacity

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

33.     Defendant is entitled to qualified immunity for the claims asserted herein in that his conduct did not violate clearly established law or it was objective reasonable for him to believe that his conduct did not violate clearly established law.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

34.     Plaintiff's claims for damages are barred to the extent that he has failed to mitigate.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

35.     Plaintiff's claims may be barred in whole or in part by laches, waiver, collateral estoppel or res judicata.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

36.     The Prison Litigation Reform Act of 1995 may bar plaintiff's claims in whole or in part.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

37.     This Court lacks jurisdiction over the subject matter of the causes of action set forth in the Complaint because the claims do not rise to a constitutional level and this Court cannot exercise jurisdiction over state law claims.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

38.     Plaintiff's claims are barred by the lack of personal involvement by Weber.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

39. Any state law claims are barred by New York Corrections Law Section 24.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

40. That in the event of any judgment or verdict on behalf of the plaintiff, the defendant is entitled to a set-off or verdict with respect to the amounts of any payments made to the plaintiff for medical and other expenses prior thereto pursuant to § 4545 of the CPLR.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

41. This action does not fall within one or more of the exceptions set forth in CPLR § 1602 and thus the defendants are responsible only for their pro rata share of any verdict that may be rendered against them.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

42. The defendant alleges that the provisions of CPLR Section 4546 apply to this claim.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

43. This this action is barred in whole or in part by virtue of the expiration of the all applicable statutes of limitations.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

44. A claim for punitive damages on the causes of action as alleged is unconstitutional under the Constitution of the United States and under the Constitution of the State of New York.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

45. The defendant alleges the provisions of Section 2805(d) of the Public Health Law with respect to the cause of action for informed consent

### AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

46. This defendant asserts the defense of set-off to reduce the plaintiff's claims under

§15-108 of the General Obligations Law.

**WHEREFORE**, defendant **Dr. Frank L. Weber, D.D.S**, demands judgement dismissing the plaintiff's amended complaint together with the costs and disbursements of this action.

Dated: New York, New York
       June 30, 2020

                              Yours, etc.

                              RAWLE & HENDERSON, LLP
                              Attorneys for Defendant
                              **DR. FRANK WEBER, D.D.S**

By: _____
          Robert A. Fitch (RF2198)
14 Wall Street –27TH Floor
New York, New York 10005-2101
Phone: (212) 323-7070
Fax: (212) 323-7099
*Our File No.: 805197*

**To:** Edward Sivin, Esq.
      Sivin & Miller, LLP
      Attorneys for Plaintiff
      20 Vesey Street, Suite 1400
      New York, New York 10007
      (212) 349-0300

      **All Parties of Record via ECF**