UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CHAD STANBRO,

                Plaintiff,                      20-cv-1591(KMK)

                -against-

CORRECTION OFFICER NADYA PALOU,
CORRECTION OFFICER RAYMOND DEAL,      Consolidated for Purposes of Discovery
CORRECTION OFFICER KRISTOFER              with:
LEONARDO, CORRECTION OFFICER RICHARD
LANDRY, CORRECTION NURSE GARY
PAGLIARO and CORRECTION SERGEANT
ENRIQUE TORRES,

                Defendants.
------------------------------------------------------------------X
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CHAD STANBRO,

                Plaintiff,                      19-cv-10857(KMK)

                -against-                     **STIPULATION OF**
                                                            **CONFIDENTIALITY AND**
WESTCHESTER COUNTY HEALTH CARE         **PROPOSED PROTECTIVE**
CORPORATION, WESTCHESTER MEDICAL       **ORDER**
CENTER, FRANK WEBER and JOHN FULL,

                Defendants.
------------------------------------------------------------------X

        WHEREAS discovery herein may include the production of information and/or documents that (a) contain highly sensitive information, policies, procedures or other matters that, if disclosed, could jeopardize correctional or institutional safety, security or good order, or (b) contain information that is confidential under state or federal law;

        **IT IS HEREBY STIPULATED AND AGREED** that:

        1.     The term "document" as used herein is defined to be synonymous in meaning and

equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Rule 26.3(c)(2) of the Local Civil Rules of this Court.

2. The parties may designate as confidential documents produced from the records of the New York State Department of Corrections and Community Supervision ("DOCCS") and the New York State Office of Mental Health ("OMH") and the information contained therein, the disclosure of which the parties, DOCCS, or OMH believe would jeopardize correctional or institutional safety, security or good order, which contain personal or identifying information of DOCCS, OMH or Westchester Medical Center ("WMC") employees, inmates and/or other non-parties, and/or which contain information that is confidential under state or federal law, and which shall be referred to hereafter as "Confidential Material."

3. Confidential Material shall be treated as confidential and not disclosed, except to the extent provided in this Stipulation of Confidentiality and Protective Order or as otherwise ordered by the Court.

4. Access to the Confidential Material shall be limited to:

   a. Counsel for Plaintiff;

   b. Counsel for Defendants;

   c. Employees and independent contractors of the respective counsel for Plaintiff or Defendants who have direct functional responsibility for the preparation or trial of this action, or any appeal thereof;

   d. The parties' prospective or retained experts and consultants, to the extent deemed necessary to the conduct of this litigation by the respective counsel for Plaintiff or Defendants, except that, prior to any such person being given access to the Confidential Material, that person shall be given a copy of this Stipulation of Confidentiality and Protective Order and

shall execute the Certification annexed hereto;

e. Individual employees of DOCCS, OMH, and WMC, to the extent that such individual employees would have access to the Confidential Material as part of their employment with DOCCS, OMH or WMC;

f. Any other person who was an author, sender, addressee, designated recipient, or source of the Confidential Material;

g. Court reporters, to the extent deemed necessary for the conduct of this litigation by the respective counsel for Plaintiff or Defendants;

h. The Court and supporting personnel;

i. All deposition or trial witnesses in these actions, including counsel for such witnesses, to the extent that Confidential Material is reasonably believed or expected to relate to the witnesses' testimony except that, prior to any such person being given access to the Confidential Material, that person shall be given a copy of this Stipulation of Confidentiality and Protective Order and shall execute the Certification annexed hereto; and

j. Defendants, to the extent that the document is directly relevant to the claims or defenses in these actions.

5. Unless provided by the Court or consented to in writing by Defendants, Plaintiff's counsel may not provide a copy or allow a copy of any Confidential Material to be given to Plaintiff. Plaintiff's counsel may show and discuss Confidential Material with Plaintiff to the extent necessary to prepare for the litigation of these Actions.

6. For Confidential Material that contains sensitive information and/or identifying personal information pertaining to Defendants, current or former employees of DOCCS, OMH or WMC, and/or third-parties, counsel may designate such information "Highly Confidential." A

designation of "Highly Confidential" means that it is for "attorneys' eyes only" and shall not be released or disclosed in any manner to any other person, including Plaintiff, who do not fall under Paragraph 4(a) – (j). Plaintiff's counsel may not show or discuss Highly Confidential Material with Plaintiff.

7. All transcripts of depositions taken in these Actions will be treated as Highly Confidential Material in their entirety for thirty (30) days after a full and final copy of the deposition transcript is provided to adverse counsel by the party taking the deposition. During that thirty (30) day period, any party may designate as Confidential or Highly Confidential Material any portion of the transcript, by page and line, and any deposition exhibits related to the subject areas described in paragraph 2 and 6 herein, and such designation must be provided to all counsel in writing to be deemed effective. Any portion of the deposition transcript or exhibits not so designated during the thirty (30) day period will not be treated as Confidential or Highly Confidential Material.

8. To the extent counsel obtained copies of documents described in paragraphs 2 or 6 herein prior to the date of this Agreement and may have disclosed them or their contents to others, it shall not be deemed a violation of this Stipulation and Protective Order, but such documents and information shall be treated hereafter as Confidential or Highly Confidential Material, except for the documents identified in Addendum A, attached hereto.

9. Notwithstanding the treatment as Confidential or Highly Confidential Material of personnel, health care or mental health care records that contain personally identifiable information concerning any employee of DOCCS, OMH or WMC, or any inmate who is or was in the custody of DOCCS, it is understood that the names of family members, residence addresses, employee insurance information, Social Security numbers, and/or Department Identification Numbers

4

("DIN") of any employee or third party who has not provided DOCCS, OMH or WMC with a duly executed authorization permitting disclosure of such information shall be redacted from documents. Nothing herein will be deemed a waiver of any parties' objections to producing health care, mental health care or employment records in this action.

10. Confidential or Highly Confidential Material may be disclosed pursuant to an order of a court, administrative agency or tribunal with actual or apparent authority over the parties, provided, however, that, in the event that counsel intends to produce documents containing Confidential or Highly Confidential Material or that contain Confidential or Highly Confidential Material obtained from such documents in response to such an order, counsel shall serve notice of such order upon all counsel, identifying by Bates numbers (if applicable) the documents it intends to produce, not less than ten (10) business days prior to the production thereof, to give all counsel the opportunity to seek a protective order against such production.

11. Except as provided for in paragraph 5 herein, consented to in writing by Defendants' counsel(s), and ordered by the Court, and notwithstanding any other term or provision contained in this Stipulation and Protective Order, Confidential or Highly Confidential Material shall not be released or disclosed in any manner to any person who is known to be, or to have been, an inmate in the custody of DOCCS.

12. In the event that a party intends to file with the Court in this action any papers that attach or enclose documents containing Confidential or Highly Confidential Material produced pursuant to this Stipulation and of Confidentiality and Protective Order or that contain Confidential or Highly Confidential Material obtained from such documents, including deposition transcripts, that party shall consult and comply with the instructions for filing documents under seal, as set forth in: (i) Section 6 of the Court's Electronic Filing Rules & Instructions, (ii) the Court's Local

5

Rules for filing sealed records; (iii) the Individual Rules and Practices of Judge Kenneth M. Karas, or any Judge to which the matter is assigned; and (iv) any Order of the Court, and file those materials under seal based upon the producing party's designation. Any party filing a motion or other papers with the Court under seal shall also publicly file a redacted copy of the same that redacts only the Confidential or Highly Confidential Material, or reference thereto, and does not redact text that in no material way reveals the Confidential or Highly Confidential Material.

13. Unless otherwise provided by the instructions as set forth in Paragraph 12, when filing court papers under seal, such papers or documents must be labeled "File under seal" and shall be filed only in sealed envelopes on which shall be endorsed the caption and Civil Action number of this action and a statement substantially in the following form:

> This envelope contains Confidential or Highly Confidential Material.
> The envelope shall not be opened nor the contents therein displayed
> or revealed, other than to the Court, except by Order of the Court.

14. No person receiving or reviewing Confidential or Highly Confidential Material pursuant to this Stipulation of Confidentiality and Protective Order shall disclose or discuss such Confidential or Highly Confidential Material in any manner, written or oral, to or with any person who is not entitled to receive such Confidential or Highly Confidential Information pursuant to this Stipulation of Confidentiality and Protective Order.

15. The Confidential or Highly Confidential Material shall not be disclosed in open court without first affording all counsel an opportunity to contest disclosure and/or admissibility of the Confidential or Highly Confidential Information.

16. If a party objects to the designation of any document as Confidential or Highly Confidential Material, such party shall state such objection in writing to the counsel for the party that designated the Confidential or Highly Confidential Material. Counsel shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, the objecting

party shall, within thirty (30) days of the initial objection, request the Court to remove the designation. Any disputed documents shall be treated as Confidential or Highly Confidential Material until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

17. Nothing herein shall be deemed to waive any applicable privilege. Pursuant to Fed. R. Evid. 502(d), no privilege or protection is waived by disclosure connected with this lawsuit, nor is any such disclosure a waiver in any other federal or state proceeding, and any disclosed material is subject to return to the producing party ("clawback") on demand without any obligation on the part of the producing party to demonstrate compliance with Fed. R. Evid. 502(b)(1)-(3) relating to inadvertent disclosure.

18. The production of privileged or work-product protected documents, electronically stored information, or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

19. An inadvertent failure to designate Confidential or Highly Confidential Material as confidential may be corrected by supplemental written notice given as soon as practicable.

20. If a disclosing party makes a claim of inadvertent disclosure, the receiving party(ies) shall, within five business days, return or destroy all copies of the inadvertently disclosed information, and provide a certification of counsel that all such information has been returned or destroyed. A receiving party may move the Court for an order compelling production of the inadvertently disclosed information. The motion shall be filed under seal and shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

21. Confidential or Highly Confidential Material produced pursuant to the terms of this Stipulation of Confidentiality and Protective Order shall be used by the receiving party solely for the purposes of this action and solely to the extent necessary for the litigation of this action,

7

including any appeals thereof.

22. Within thirty (30) days of the conclusion of these Actions, counsel shall either return to the producing party's counsel all Confidential or Highly Confidential Material, and any copies thereof, in its custody, possession or control and any documents containing Confidential or Highly Confidential Information, in whole or in part, and any copies made therefrom, or shall notify all counsel in writing that all such Confidential or Highly Confidential Information has been destroyed.

23. Nothing in this Order shall foreclose the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation of Confidentiality and Protective Order and identified in paragraphs 2 and 6 herein.

**SO STIPULATED AND AGREED:**

Dated: January 29, 2021

Sivin & Miller, LLP
Counsel for Plaintiff

By: _____

Andrew Weiss
Glenn D. Miller
Edward Sivin
20 Vesey Street, Suite 1400
New York, NY 10007
(212) 349-0300
aweiss@sivinandmiller.com
gmiller@sivinandmiller.com
esivin@sivinandmiller.com

Dated: January ___, 2021

Ofeck & Heinze, LLP
Counsel for Defendant Raymond Deal

<table>
<tr><td></td><td>By: _____<br>Mark F. Heinze<br>85 Main Street, Suite 204<br>Hackensack, NJ 07601<br>(201) 487-9900<br>markfheinze@gmail.com</td></tr>
<tr><td>Dated: January___, 2021</td><td>Wilson, Bave, Conboy, Cozza & Cozza, PC<br>Counsel for Defendants Westchester County<br>  Health Care Corporation, Westchester<br>  Medical Center, and John Full</td></tr>
<tr><td></td><td>By: _____<br>William H. Bave, Jr.<br>2 William Street, 5th Floor<br>White Plains, NY 10601<br>(914) 686-9010<br>WHB@WBCCC.com</td></tr>
<tr><td>Dated: ~~January~~ Feb 3, 2021</td><td>Rawle & Henderson LLP<br>Counsel for Defendant Frank Weber</td></tr>
<tr><td></td><td>By: /s/ Robert Anthony Fitch<br>Robert Anthony Fitch<br>14 Wall Street, 27th Floor<br>New York, NY 10005<br>(212) 323-7070<br>rfitch@rawle.com</td></tr>
<tr><td>Dated: January _____, 2021</td><td>LETITIA JAMES<br>Attorney General<br>State of New York<br>Counsel for Defendants Kristofer Leonardo,<br>  Richard Landry, Gary Pagliaro, and<br>  Enrique Torres</td></tr>
</table>

9

Feb 3, 2021

By: _____
Mark F. Heinze
85 Main Street, Suite 204
Hackensack, NJ 07601
(201) 487-9900
markfheinze@gmail.com

Dated: ~~January~~ Feb 3, 2021

Wilson, Bave, Conboy, Cozza & Cozza, PC
Counsel for Defendants Westchester County
 Health Care Corporation, Westchester
 Medical Center, and John Full

By: _____
William H. Bave, Jr.
2 William Street, 5th Floor
White Plains, NY 10601
(914) 686-9010
WHB@WBCCC.com

Dated: January___, 2021

Rawle & Henderson LLP
Counsel for Defendant Frank Weber

By: _____
Robert Anthony Fitch
14 Wall Street, 27th Floor
New York, NY 10005
(212) 323-7070
rfitch@rawle.com

Dated: ~~January~~ February 3, 2021

LETITIA JAMES
Attorney General
State of New York
Counsel for Defendants Kristofer Leonardo,
 Richard Landry, Gary Pagliaro, and
 Enrique Torres

9

By: _Deanna L. Collins_
Deanna L. Collins
Assistant Attorney General
28 Liberty Street, 18th Floor
New York, NY 10005
Tel: (212) 416-8906
Deanna.Collins@ag.ny.gov

**SO ORDERED**
Dated:

Hon. Kenneth M. Karas
U.S.D.J.   2/16/21

10

## CERTIFICATION

I certify my understanding that Confidential or Highly Confidential Discovery Material is being provided to me pursuant to the terms and restrictions of the Stipulation of Confidentiality and Protective Order in *Stanbro v. Palou, et al.*, No. 20-cv-1591(KMK) and *Stanbro v. Westchester County Health Care Corp. et al.*, No. 19-cv-10857(KMK), consolidated for purposes of discover and currently pending in the United States District Court for the Southern District of New York. I further certify that I have read the Stipulation of Confidentiality and Protective Order and agree to be bound by it.

I understand that all provisions of the Stipulation of Confidentiality and Protective Order restricting the communication or use of Confidential or Highly Confidential Discovery Material, including but not limited to any notes or other transcriptions made of Confidential or Highly Confidential Discovery Material therefrom, shall continue to be binding during the pendency of and after the conclusion of this action.

Dated: _____

_____
SIGNATURE

_____
PRINT NAME

_____
_____
ADDRESS

_____
TELEPHONE #

_____

## ADDENDUM A

Counsel for Plaintiff and Defendants Sgt. Enrique Torres, Nurse Gary Pagliaro, Correction Officer Kristofer Leonardo, and Correction Officer Richard Landry hereby stipulate and agree that Paragraph 8 shall not apply to documents Plaintiff obtained prior to the entrance of this Confidentiality Agreement, and produced in the litigation of these actions, as identified by Bates (Plaintiff's DA Records) 1-109, and (Plaintiff's OSI Investigation) 1-501 insofar as Plaintiff agrees to clawback those documents and reproduce them, with redactions discussed during counsels' meet and confers, and with the following confidentiality designations:

- (Plaintiff's DA Records) 1-3, 14, 26, 30-31, 34, 37-38, 41-42, 45-46, and 49 shall be designated Confidential;

- (Plaintiff's DA Records) 15-20 shall be designated Highly Confidential;

- (Plaintiff's OSI Investigation) 1-5, 18, 21, 77-81, 84-85, 88-89, 150, 163-165, 185-186, 222-224, 246, -248, 263-264, 305-306, 376-378, 413-415, 435-437 shall be designated Confidential; and

- (Plaintiff's OSI Investigation) 173-175, 212, 214-219, 221, 236, 238-243, 245, shall be designated Highly Confidential.

12