UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHAD STANBRO,

        Plaintiff,

        -against-

WESTCHESTER COUNTY HEALTH
CARE CORPORATION, WESTCHESTER
MEDICAL CENTER, FRANK WEBER and
JOHN FULL,

        Defendants.
------------------------------------------------------------X

**PLAINTIFF'S MOTIONS IN LIMINE**

19-cv-10857-KMK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHAD STANBRO,

       Plaintiff,

       -against-

CORRECTION OFFICER NADYA PALOU,
CORRECTION OFFICER RAYMOND DEAL,
CORRECTION OFFICER KRISTOFER LEONARDO,
CORRECTION OFFICER RICHARD LANDRY,
CORRECTION NURSE GARY PAGLIARO and
CORRECTION SERGEANT ENRIQUE TORRES,

       Defendants.
------------------------------------------------------------X

20-cv-01591-KMK

In this lawsuit, plaintiff alleges that on August 31, 2018, while he was undergoing a surgical procedure at Westchester Medical Center, he was subjected to a use of excessive force by correction officers after he had an adverse reaction to anesthesia and became physically agitated. Immediately prior to the incident, plaintiff walked unassisted into the Westchester Medical Center clinic. Immediately following the incident, he was removed from the clinic in a

wheelchair and was unable to move any of his extremities. Later that day plaintiff was diagnosed with a severe injury to the cervical spine, for which he underwent emergency surgery involving fusion of the spine.

Defendants acknowledge that force was used against plaintiff during the surgical procedure, but maintain that the force was necessary and reasonable in response to what they claim was a physical assault by plaintiff against medical and correction staff during the procedure.

Plaintiff requests that the Court issue an order precluding defendants from offering any evidence of or making any reference at trial to 1) prior physical altercations in which plaintiff allegedly was involved; 2) plaintiff's parole violations/convictions; 3) plaintiff's mental health history; 4) a possible "conversion disorder" attributed to plaintiff after the incident; 5) cash advances made to plaintiff by litigation funding companies; and 6) other evidence whose probative value is substantially outweighed by unfair prejudice and/or the risk of juror confusion.

Prior Physical Altercations

Plaintiff anticipates that, in an attempt to persuade the jury that plaintiff physically assaulted medical and correction staff on August 31, 2018, defendants will seek to introduce evidence, either through records or through cross-examination of plaintiff, that plaintiff had been involved in one or more physical altercations prior to August 31, 2018. Allowing such evidence would run afoul of Fed. R. Evid. 404(b)(1), which provides that "[e]vidence of any other …wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *See Berkovich v. Hicks*, 922 F.2d 1018, 1022 (2d Cir. 1991) (affirming district court's order precluding evidence of prior incidents of excessive force by a correction officer as "a veiled attempt to do what Rule 404(b)

expressly prohibits -- introducing evidence of bad acts to show the defendant's propensity to commit such acts."). Such evidence also should be excluded under Fed. R. Evid. 403, since any other conceivable probative value of such evidence would be substantially outweighed by the unfair prejudice and jury confusion that would result.

    Parole Violations

    Plaintiff anticipates that defendants will seek to introduce evidence of convictions for parole violations. Such evidence is not admissible under Fed. R. Evid. 609 (Impeachment by Evidence of a Criminal Conviction), and would otherwise be inadmissible under Fed. R. Evid. 403. *See United States v. Paredes*, 176 F. Supp. 2d 172, 177 (S.D.N.Y. 2001) (holding that evidence of parole violations would not be admitted due to risk of unfair prejudice and lack of probative value in resolving issues in case).

    Mental Health History

    Defendants should be precluded from offering any evidence of plaintiff's mental health history, as reflected in the file maintained by the New York State Office of Mental Health, or elsewhere, as this information is protected by the psychotherapist-patient privilege. *See Jaffee v. Redmond*, 518 U.S. 1, 9 (1996) (recognizing psychotherapist-patient privilege). Moreover, since plaintiff does not allege anything more than "garden variety" emotional distress as a consequence of the events of August 31, 2018,[1] he has not waived his privilege and the information contained in his mental health records should not be among the subjects that the jury should consider in this case. *See Sims v. Blot,* 534 F.3d 117 (2nd Cir. 2009) (In § 1983 action alleging excessive force, psychotherapist-patient privilege was not waived where plaintiff

---

[1] Although plaintiff's amended complaint under Case No. 20-cv-01591-KMK asserts a state-law cause of action against the DOCCS employees for Intentional Infliction of Emotional Distress, plaintiff hereby withdraws that cause of action.

withdrew claims for emotional injury damages beyond those ordinarily associated with claim for pain and suffering arising from assault); *Kunstler v. City of New York*, 2006 U.S. Dist. LEXIS 61747 (S.D.N.Y 2006) (where plaintiffs did not alleged any "serious psychological injury" as a result of false arrest and malicious prosecution, the psychotherapist-patient privilege was not waived).

Even were they not privileged, the information and issues addressed in plaintiff's mental health records are unrelated and therefore irrelevant to any of the issues in this lawsuit. Finally, any conceivable relevance would be greatly outweighed by the potential prejudice and confusion that might result from admission of the evidence. Accordingly, the evidence also is inadmissible pursuant to Fed. R. Evid. 403.

<u>Conversion Disorder</u>

Prior to the August 31, 2018 incident, plaintiff walked unassisted into the Westchester Medical Center clinic. Immediately following the incident, he was wheeled out of the clinic in an apparent state of quadriplegia. Later that day he was diagnosed with a severe injury to the cervical spine, for which he underwent emergency surgery involving fusion of the spine.

Defendants should be precluded from offering into evidence, or otherwise referencing, any medical or hospital record entry that refers to the possibility that, following the August 31, 2018 incident, plaintiff may have been suffering the effects of a "conversion disorder" or "conversion reaction." While medical records document that a "conversion reaction" apparently was considered at one point as a possible differential diagnosis, no healthcare provider ever arrived at such a diagnosis. Moreover, none of defendants' experts have opined in their reports that plaintiff suffered or suffers from such a condition. Such an opinion

4

would, in any event, be improperly speculative under the circumstances of this case. *Cf. Sanchez v. Weiss*, 2012 N.Y. Misc. LEXIS 474, 2012 NY Slip Op 30256(U), ¶¶ 8-9 (Sup. Ct., New York County 2012) (Where the plaintiff was ambulatory before the surgical procedure and emerged quadriplegic, "[t]he theory given by [defendant's] expert Dr. Slavin that plaintiff possibly suffers from a conversion disorder—is too speculative to support the absence of a material issue of as to proximate cause."). Entries regarding a possible "conversion disorder" or "conversion reaction" also should be excluded pursuant to Fed. R. Evid. 403 to prevent the real risk of jury confusion and unfair prejudice to plaintiff.

<u>Cash Advances by Litigation Funding Companies</u>

Plaintiff anticipates that defendants will seek to introduce evidence that plaintiff received cash advances from litigation funding companies in connection with this lawsuit. Such evidence is not even *discoverable* absent demonstrable relevance to any issue in a lawsuit. *See, e.g., Benitez v. Lopez*, No. 17-CV-3827-SJ-SJB, 2019 U.S. Dist. LEXIS 64532, at *2-7 (E.D.N.Y. Mar. 14, 2019) (denying motion to compel discovery of litigation funding, and surveying cases arriving at the same conclusion). And since the test for admissibility of evidence is stricter than that for discoverability, *see, e.g.*, *In re Penn Cent. Commercial Paper Litig.*, 61 F.R.D. 453, 460 (S.D.N.Y. 1973) ("For purposes of discovery, the question of admissibility is disregarded if 'the information sought appears reasonably calculated to lead to the discovery of admissible evidence.' Fed. R. Civ. P. 26(b)(1)"), it stands to reason that evidence that plaintiff received litigation funding, which has no relevance to any issue in this case, should not be admitted.

Other Prejudicial or Confusing Evidence

Plaintiff anticipates that defendants also will attempt to offer other evidence and testimony that is irrelevant to any of the issues in this case, but would tend to reflect poorly on plaintiff's character, including but not limited to 1) evidence that while a teenager, plaintiff absconded from New York State while under criminal justice supervision; 2) evidence regarding the extent of plaintiff's economic support of his minor daughter; and 3) evidence of various rule violations committed by plaintiff while under parole supervision.  Such evidence is not relevant within the meaning of Fed. R. Evid. 401, and should otherwise be excluded under Fed. R. Evid. 403.  Similarly, defendants should be precluded from offering any testimony from any of plaintiff's parole officers, as such testimony would likewise be irrelevant and unduly prejudicial to plaintiff.

Dated:  New York, New York
        June 2, 2022

Yours, etc.
Sivin, Miller & Roche, LLP

By *Edward Sivin*
    Edward Sivin
Attorneys for Plaintiff
20 Vesey St., Suite 1400
New York, NY  10007
(212) 349-0300