UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAD STANBRO,<br><br>                      Plaintiff,<br><br>    v.<br><br>CORRECTION OFFICER NADYA PALOU, *et al.*,<br><br>                      Defendants. | No. 20-CV-1591 (KMK) |
| CHAD STANBRO,<br><br>                      Plaintiff,<br><br>    v.<br><br>WESTCHESTER COUNTY HEALTH CARE CORPORATION, *et al.*,<br><br>                      Defendants. | No. 19-CV-10857 (KMK)<br><br>ORDER |

KENNETH M. KARAS, United States District Judge:

      The above-captioned Actions have been consolidated for purposes of a joint jury trial that is set to begin on June 27, 2022. (*See* Scheduling Order (Dkt. No. 112, Case No. 20-CV-1591; Dkt. No. 92, Case No. 19-CV-10857).) In preparation for trial, as is typical, the Court set a briefing schedule for motions in limine. (*See id.*) In accordance with that briefing schedule for motions in limine, Defendant Dr. Frank Weber ("Weber") has filed a motion to dismiss Plaintiff's § 1983 and punitive damages claims, (*see* Weber's Mot. To Dismiss (Dkt. No. 134, Case No. 20-CV-1591)), and Defendants Westchester County Health Care Corporation ("WCHCC"), Westchester Medical Center ("WMC"), and Dr. John Full ("Full") have jointly

filed an omnibus motion in limine that includes within it motions to dismiss Plaintiff's punitive damages claim, Plaintiff's § 1983 claim, and Plaintiff's vicarious liability claim against WCHCC as to Weber, (*see* WCHCC, WMC, & Full's Omnibus Mot. in Limine (Dkt. No. 109, Case No. 19-CV-10857)).  While Weber, WCHCC, WMC, and Full have labeled these motions as "motions to dismiss," on their face, they appear to be quasi-motions for summary judgment, as each appears to primarily argue that Plaintiff has failed to present sufficient evidence to support the claims that these defendants seek to "dismiss."  (*See, e.g.*, Weber's Mot. To Dismiss 9 ("The complaint in this case fails to meet the subjective prong because there is no evidence that Dr. Weber acted with deliberate indifference or acted with subjective recklessness."); WCHCC, WMC, & Full's Omnibus Mot. in Limine 5 ("There is no evidence in the record either documentary or testimony [sic] to support [P]laintiff's claims for punitive damages against WCHCC, WMC[,] or Dr. Full.").)

Regardless of whether these motions are properly characterized as motions to dismiss or motions for summary judgment, they are clearly both untimely and procedurally improper.  Therefore, Weber, WCHCC, WMC, and Full's motions to dismiss are denied.

SO ORDERED.

Dated:   June 7, 2022
         White Plains, New York

_____
KENNETH M. KARAS
United States District Judge