UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAD STANBRO,<br><br>          Plaintiff,<br><br> v.<br><br>CORRECTION OFFICER NADYA PALOU, *et al.*,<br><br>          Defendants. | No. 20-CV-1591 (KMK) |
| CHAD STANBRO,<br><br>          Plaintiff,<br><br> v.<br><br>WESTCHESTER COUNTY HEALTH CARE CORPORATION, *et al.*,<br><br>          Defendants. | No. 19-CV-10857 (KMK)<br><br><u>ORDER</u> |

KENNETH M. KARAS, United States District Judge:

  For the reasons discussed on the record, the Court issues the following rulings as to the Parties' motions in limine:

  1. Plaintiff's motion to preclude evidence of prior physical altercations in which Plaintiff may have been involved is granted, subject to a stipulation or proposed jury instruction as to DOCCS and Defendants' lack of responsibility for Plaintiff's jaw injury.

  2. Plaintiff's motion to preclude evidence of his parole violations is denied as to the violation which precipitated his incarceration at Fishkill and granted as to all other

> violations, subject to an additional showing to be made as to a specific violation at trial.

3. Plaintiff's motion to preclude evidence of his mental health history on the basis of the psychotherapist-patient privilege is denied. Plaintiff's motion to preclude evidence of his mental health history on the basis of Federal Rule of Evidence 403 is denied without prejudice, subject to an additional showing to be made as to a specific mental health record or collection of records at trial.

4. Plaintiff's motion to preclude evidence of or reference to a potential conversion disorder is granted as unopposed.

5. Plaintiff's motion to preclude evidence of cash advances made to Plaintiff by litigation funding companies is granted as unopposed.

6. Plaintiff's motion to preclude other character evidence, such as evidence concerning a teenage abscondment from New York State or the extent of Plaintiff's economic support of his minor daughter, is granted as unopposed, except to the extent that Plaintiff opens the door via his testimony at trial.

7. Leonardo, Landry, and Torres's (hereinafter, "OAG Defendants") motion to preclude evidence of Plaintiff's grievances filed while in DOCCS custody is granted as unopposed.

8. OAG Defendants' motion to preclude evidence of DOCCS Directives and the DOCCS Employee Handbook is denied without prejudice, subject to an additional showing to be made as to a specific directive at trial.

9. OAG Defendants' motion to preclude evidence of economic damages is granted as unopposed.

10. OAG Defendants' motion to preclude references to use of force in Plaintiff's medical records is denied without prejudice, subject to an additional showing to be made as to a specific medical record at trial.

11. OAG Defendants' motion to preclude references to various internal investigations conducted by state agencies is denied without prejudice, subject to an additional showing to be made as to a specific exhibit or piece of testimony at trial.

12. OAG Defendants, Deal, and Palou's motion to preclude the testimony of Edward Sivin under Federal Rule of Civil Procedure 37 is granted.

13. OAG Defendants, Deal, and Palou's motion to preclude evidence of Plaintiff's state law claims is denied without prejudice.

14. Westchester County Health Care Corporation, Westchester Medical Center, Full, and Weber's motion to preclude the testimony of Plaintiff's expert witness, Dr. Todd, is denied.

The Clerk of Court is directed to terminate the following pending motions:  Dkt. Nos. 126, 140, and 149 in Case No. 20-CV-1591; Dkt. Nos. 101, 125, 126, and 127 in Case No. 19-CV-10857.

SO ORDERED.

Dated:   June 23, 2022
         White Plains, New York

                                              KENNETH M. KARAS
                                              United States District Judge